IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| ROBERT WAYNE WATSON | § | |
| v. | § | CIVIL ACTION NO. 9:09cv172 |
| DWAYNE HUGHES, ET AL. | § | |

MEMORANDUM OPINION AND ORDER OF DISMISSAL

The Plaintiff Robert Watson, an inmate confined in the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se,* filed this lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. The parties have consented to allow the undersigned United States Magistrate Judge to enter final judgment in this proceeding pursuant to 28 U.S.C. §636(c). As Defendants, Watson named Dwayne Hughes and Jimmy Hutcherson, employees at the Eastham Unit garment factory; Michael Campbell, the plant manager of the garment factory; and Paula Jones, the law librarian at the Eastham Unit. Jones has been dismissed from the lawsuit.

In his complaint and at an evidentiary hearing, Watson said that in April of 2009, he was a sewer in the garment factory at the Eastham Unit. He reported Hughes to Campbell for sleeping on duty, and Hughes "began getting after him." Watson contended that Hughes "began directing sexual advances at him," including placing his hands on Watson's body, leaving candy and a flower leaf on his sewing machine, and rubbing Watson's stomach with his hand. Watson said that he had also complained about Officer Hutcherson to Campbell.

On April 7, 2009, Watson said that Hughes told him to go get a pallet of shirts. Watson went to do so, but was followed by Hughes and Hutcherson,. Hughes said something to him, and Watson stopped and said "what?" When Watson stopped, he said, Hughes pushed him over a pallet of pants,

1

and he and Hutcherson began kicking Watson. Eventually, Hughes said "I run the shirt line, you stay off of it," which Watson took to refer to the complaint about him sleeping on duty.

Watson said that although he complained to Campbell prior to the incident, nothing was done until after April 7. After the incident occurred, Watson said that Campbell gave him a use of force form but would not let him go to the infirmary, instead telling him to put in an I-60 inmate request form. When Watson did file a sick call request, he was seen a few days later, and the nurse said that there was nothing wrong with him; Watson said that his knee was swollen after the incident, but that the swelling had gone down by the time he was seen.

Following the evidentiary hearing, the Court dismissed Watson's complaint of sexual harassment by Hughes and the claim against Jones. The Court determined that Watson's claims regarding the assault by Hughes and Hutcherson, and the failure to protect him by Campbell, required further judicial proceedings, and these Defendants were required to answer the lawsuit.

After filing their answer, the Defendants have filed a motion for summary judgment. This motion asserts that Watson has failed to exhaust his administrative remedies, they are entitled to qualified and Eleventh Amendment immunity, no constitutional violation occurred, and Watson's injuries, if any were *de minimis*. Watson has filed a response to the motion including documents in support of his claims.

<u>Legal Standards and Analysis</u>

<u>General Standards on Summary Judgment</u>

On motions for summary judgment, the Court must examine the evidence and inferences drawn therefrom in the light most favorable to the non-moving party; after such examination, summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. <u>Securities and Exchange Commission v. Recile</u>, 10 F.3d 1093, 1097 (5th Cir. 1994); <u>General Electric Capital Corp. v. Southeastern Health Care, Inc.</u>, 950 F.2d 944, 948 (5th Cir. 1992); Rule 56(c), Fed. R. Civ. P.

To avoid summary judgment, the nonmoving party must adduce admissible evidence which creates a fact issue concerning existence of every essential component of that party's case; unsubstantiated assertions of actual dispute will not suffice. Thomas v. Price, 975 F.2d 231, 235 (5th Cir. 1992), *citing* Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The Fifth Circuit has stated that once the moving party has met its burden, the nonmovant must direct the court's attention to admissible evidence in the record which demonstrates that it can satisfy a fair-minded jury that it is entitled to a verdict in its favor. ContiCommodity Services, Inc. v. Ragan, 63 F.3d 438, 441 (5th Cir. 1995).

Summary judgment should be granted when the moving party presents evidence which negates any essential element of the opposing party's claim, including a showing that an essential element of the opposing party's claim is without factual support. First American Bank & Trust of Louisiana v. Texas Life Ins. Co., 10 F.3d 332, 334 (5th Cir. 1994). The granting of summary judgment is proper if the movant demonstrates that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Caldas & Sons v. Willingham, 17 F.3d 123, 126 (5th Cir. 1994). Once the movant makes this showing, the burden shifts to the non-movant to come forward with evidence sufficient to establish the existence of a genuine issue of material fact. Caldas, 17 F.3d at 126-27.

The Fifth Circuit has held that summary judgment disposition is inappropriate if the evidence before the Court, viewed as a whole, could lead to different factual findings and conclusions. Honore v. Douglas, 833 F.2d 565, 567 (5th Cir. 1987). The Court noted that it is not the function of the trial judge, in ruling on a motion for summary judgment, to weigh evidence, assess credibility, or determine the most reasonable inference to be drawn from the evidence. Honore, 833 F.2d at 567, *citing* Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).

## Application of the Standards to the Defendants' Motion

### Exhaustion of Administrative Remedies

The Defendants first contend that Watson failed to exhaust his administrative remedies. Although they acknowledge that Watson filed grievances which refer to the incident, they say that these grievances actually complain about harassment by Hughes on April 16, 2009. They also contend that the Step One grievance was signed on April 25, 2009, and thus was time-barred with regard to the April 7 incident. That grievance, and the Step Two appeal from the denial of that grievance, were both denied.

The Step One grievance was signed by Watson on April 25, 2009, and reads as follows:

> On April 16, 2009, I was returning to my living quarter from the morning session law library around 5:07 a.m. when Mr. Dwayne Hughes, who supervise the garment factory maintenance department, was standing next to the northside turnout door, called me and said "Watson, I sorry for kicking you, are you all right?" When I responded he then said "I was upset with you telling Mr. Campbell all that stuff." While he was saying this the officer walked over and opened the turnout door and Mr. Hughes said "take care Watson" as he left.
>
> This is the officer that kicked me on my left leg along with Mr. Hutcherson on April 7, 2009, after I told Mr. Campbell that he was leaving flowers and candy on my sewing machine, rubbing his body against mine, and tried to kiss me. Now he is telling me that he is sorry for kicking me.
>
> This employee of manufacturing and logistics is not an officer and shouldn't have no legitimate reason to say anything to me if I'm not violating no department rules. This is harassment.

For the action requested to resolve the complaint, Watson stated as follows:

> I request this employee Hughes not to keep harassing me for me filing a grievance against him. I also request that I be given a tape recorder to tape Hughes' conversation with me and you will hear him for yourself.

The response to the grievance reads as follows:

> Your complaint has been reviewed. Industrial Specialist D. Hughes denies your allegations advising that the alleged incident never occurred. Based on the information obtained and you offer no witness there is no conclusive evidence to support your claim. No further action warranted.

Watson's Step Two grievance appeal reads as follows:

> I want Hughes to stop saying anything to me if it's not concerning prison relation. He came to me and volunteered and said he was sorry for kicking me then turn right around and denies he said it. If he can't be a man and tell the truth then he needs to stay away from me. This is the second time he denied what he had done to me.

The response to this grievance reads as follows:

> An investigation has been conducted into your claim. There is no evidence to support your claims against staff. Additional statements were obtained by this officer and state that no such incident was witnessed by them. The response to the Step One grievance was appropriate. No further action is warranted.

In Woodford v. Ngo, 126 S.Ct. 2378 (2006), the respondent Viet Mike Ngo, serving a sentence in the California prison system, was placed in administrative segregation in October of 2000 for engaging in "inappropriate behavior" in the prison chapel. Two months later, Ngo was returned to the general population, but with restrictions prohibiting him from participating in a variety of programs, including various religious activities. Some six months after this restriction was imposed, Ngo filed a grievance challenging that action. The grievance was rejected as untimely, and Ngo filed suit.

In his lawsuit, Ngo argued that the exhaustion provision means that inmates cannot bring suit until administrative remedies are no longer available; because these remedies were not available to him at the time he filed his grievance, in that the time had elapsed, the remedies were effectively exhausted. In other words, Ngo contended that once the administrative remedy process became unavailable, even by reason of the delay in filing the grievance, that process had been exhausted. By contrast, the prison officials argued that prisoners must complete the exhaustion process in accordance with applicable procedural rules, including deadlines.

After discussing administrative law and habeas corpus law, the Supreme Court concluded that "proper" exhaustion was required. The Court explained that the benefits of exhaustion could be realized only if the prison grievance system is given a fair opportunity to consider the grievance, and that the system will not have such an opportunity unless the grievant complies with the procedural rules. Woodford, 126 S.Ct. at 2388; *see also* Jones v. Bock, 549 U.S. 199, 218 (2007)

(noting that the applicable procedural rules that a prisoner must properly exhaust are defined not by the Prison Litigation Reform Act, but by the prison grievance process itself).

In this case, Watson signed his Step One grievance on April 25, 2009, which is 18 days after the incident occurred on April 7. Under the TDCJ grievance procedures, the grievance must be filed within 15 days of the incident forming the basis of the grievance. *See* TDCJ Inmate Orientation Handbook, p. 52 (available online at http://www.tdcj.state.tx.us/publications/cid/publications-cid-offender-orientation-handbook.htm); Johnson, 358 F.3d at 515 (noting 15-day requirement). All of Watson's claims, including both the use of force and the alleged failure to protect him, arose on or prior to April 7, 2009.

In Johnson, the Fifth Circuit stated that "we agree with the defendants that Johnson has not exhausted any claims that arise from events that occurred more than fifteen days before this grievance [i.e. the first one which he properly filed]." Johnson, 358 F.3d at 519. Similarly, Watson could not have exhausted any claims which arose from events occurring more than 15 days prior to the filing of the grievance in this case. Because his grievance was filed on April 25, 2009, he could not have exhausted a claim which arose on or before April 7, which was eighteen days earlier.

Although the grievance which Watson filed was not rejected as untimely, the reason for this is that the basis for the grievance, as seen above, was an incident which occurred on April 16, within the 15-day window. While the grievance mentioned the April 7 incident, that was not its focus, because that incident was outside of the 15 day period in which to properly exhaust administrative remedies by filing a grievance; rather, the mention of the April 7 incident was obviously to provide context for the conversation between Watson and Hughes on April 16. As the Fifth Circuit explained in Johnson, a plaintiff cannot exhaust claims arising from events which occurred more than 15 days prior to the filing of the grievance.

In response, Watson argues that even if he did not follow the grievance procedures, he still met the exhaustion requirement by writing a letter to the Office of the Inspector General, sending

copies of this letter to the unit wardens and majors, as well as the Defendants, the Region I director's office, the Director of Manufacturing and Logistics, and the Safe Prison Management officer.

This Court has found no case in which the writing of a letter, outside of the TDCJ grievance procedure, was held to have properly exhausted administrative remedies.[1] In Johnson, the Fifth Circuit explained the TDCJ two-step formal grievance procedure and stated that "this court has previously held that a prisoner must pursue a grievance through both steps for it to be considered exhausted." Johnson, 385 F.3d at 515, *citing* Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001). In addition, the TDCJ grievance procedure is mandated by the Texas Legislature. *See* Tex. Admin. Code Ann. sec. 283.3 (West 2006). Thus, in order to properly exhaust his complaint, Watson must use the formal grievance procedure; merely writing letters to various TDCJ officials will not suffice. Because Watson used the grievance procedure but in an untimely and thus improper manner, he failed to properly exhaust his administrative remedies for his claims arising on or before April 7, 2009, and so the Defendants' motion for summary judgment is meritorious as to this ground; it is therefore unnecessary to address the remaining points in the Defendants' motion.

## Conclusion

The Court has carefully examined the record in this cause, including the Plaintiff's pleadings, the Defendants' motion for summary judgment, the Plaintiff's response thereto, all competent summary judgment evidence submitted by the parties, and all other documents and records in the case. Upon such review, the Court has determined that there are no disputed issues of material fact

---

[1] In Bowers v. Boykin, 67 Fed.Appx. 242, 2003 WL 21139012 (5th Cir., April 22, 2003), the plaintiff conceded that he did not exhaust his administrative remedies through the grievance process, but argued that the letter which he wrote to the Internal Affairs Division (now called the Office of the Inspector General) was tantamount to filing grievances for exhaustion purposes. The Fifth Circuit stated that even were it assumed that such a letter could serve to exhaust administrative remedies, the evidence showed that the investigation was incomplete and that the grievance was thus unresolved at the administrative level; thus, the district court did not err in dismissing the case for failure to exhaust administrative remedies. However, Boykin pre-dates Woodford and its requirement of "proper exhaustion," and so the assumption made in that case - that the letter could possibly serve to exhaust administrative remedies - is no longer viable.

concerning the exhaustion issue, and that the Defendants are entitled to judgment as a matter of law because the Plaintiff Robert Watson failed to exhaust his administrative remedies. It is accordingly

ORDERED that the Defendants' motion for summary judgment (docket no. 41) is hereby GRANTED and that the above-styled civil action be and hereby is DISMISSED with prejudice for failure to exhaust administrative remedies. It is further

ORDERED that any and all motions which may be pending in this cause are hereby DENIED.

So **ORDERED** and **SIGNED** this **10** day of **December, 2010.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE